UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| Jeanette Martinez,<br><br>　　　Plaintiff,<br><br>v.<br><br>Midland Credit Management, Inc.<br>c/o Illinois Corporation Service Co.<br>801 Adlai Stevenson Drive<br>Springfield, IL 62703,<br><br>　　　Defendant. | Case No.<br><br><br><br>**COMPLAINT**<br><br><br><br>**Jury Demand Requested** |

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff is a resident of the State of Colorado.

4- Plaintiff is a "consumer" as defined in the Fair Debt Collection Practices Act, 15 USC 1692 et seq. ("FDCPA").

5- Plaintiff incurred a "Debt" as defined in the FDCPA.

6- Defendant is a company with its principal office in the State of California.

7- Defendant acquired the Debt after it was in default.

8- Defendant regularly attempts to collects, or attempts to collect, debts that it acquired after the same were in default.

1

9- Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

10- At all times relevant, Defendant was a "debt collector" as defined in the FDCPA.

## FACTS COMMON TO ALL COUNTS

11- On or around July 13, 2021, Plaintiff's attorney sent Defendant a letter notifying Defendant that Plaintiff was represented by an attorney to resolve her debts.

12- Despite having notice of Plaintiff's representation, on or around August 2, 2021, Defendant sent Plaintiff a letter to collect a debt (the "Letter").

13- The Letter declared in bold capital letters that it was a "PRE-LEGAL NOTIFICATION."

14- By including the words "PRE-LEGAL NOTIFICATION," Defendant intended to create the false impression that legal action was imminent.

15- Upon reading the words "PRE-LEGAL NOTIFICATION," Plaintiff reasonably thought that legal action was imminent.

16- Defendant is not a law firm and does not have the ability to file a lawsuit against Plaintiff.

17- Defendant has no control over whether legal action would be initiated against Plaintiff.

18- When the Letter was mailed, Defendant had not made the decision to file a lawsuit against Plaintiff.

19- When the Letter was mailed, Defendant had not yet hired an attorney to file a lawsuit against Plaintiff.

20- At the time of the letter, Defendant had not hired an attorney to pursue legal action against Plaintiff.

21- Defendant violated the FDCPA.

22- Defendant damaged Plaintiff.

## COUNT I

23- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

24- Defendant violated 15 USC § 1692e by engaging in false, deceptive, or misleading methods to collect a debt.

## COUNT III

25- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

26- Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, the Debt.

## COUNT III

27- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

28- Defendant violated 15 USC § 1692e(5) by threatening action that could not be legally taken or that Defendant did not intend to take.

## COUNT IV

29- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

30- Defendant violated 15 USC § 1692e(10) by making false representations during the collection of a debt.

## COUNT V

31- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

32- Defendant violated 15 USC § 1692c(a)(2) by communicating with a consumer despite having notice that the consumer was represented by an attorney.

## JURY DEMAND

33- Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

34- Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

The Litigation Practice Group

By: /s/ Richard J. Meier
Richard J. Meier, Esq.
17542 E 17th Street, Suite 100
Tustin, CA 92780
Tel: 657-600-9790
Fax: 949-315-4332
richard@meierllc.com
*Attorney for Plaintiff*